IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| First South Bank, ) | |
| ) | |
| Plaintiff, ) | |
| ) | C.A. No. 7:10-cv-02097-JMC |
| v. ) | |
| ) | **ORDER AND OPINION** |
| Fifth Third Bank, N.A., doing business ) | |
| as Fifth Third Bank and formerly known as ) | |
| and successor in interest of First Charter ) | |
| Bank and First Charter Corporation, First ) | |
| Charter Bank and First Charter Corporation. ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter is before the Court on Defendant Fifth Third Bank's ("Defendant")[1] Motion to Dismiss or Transfer Due to Improper Venue [Doc. 17] under 28 U.S.C. § 1404(a). Defendant specifically contends in its motion that venue is improper because the parties agreed that any lawsuit arising out of or related to the Participation Agreement ("Agreement") between the parties must be litigated in state or federal court in Charlotte, North Carolina. Defendant therefore requests dismissal or, in the alternative, transfer to the venue which it considers more appropriate – the United States District Court for the Western District of North Carolina, Charlotte Division. For the reasons set forth below, Defendant's request to dismiss or to transfer venue is denied.

---

[1] Defendant Fifth Third Bank notes that the Complaint incorrectly identifies the relevant defendants to this action. The Complaint currently captions the defendants as "Fifth Third Bank, N.A., doing business as Fifth Third Bank and formerly known as and successor in interest of First Charter Bank and First Charter Corporation, First Charter Bank, and First Charter Corporation." Instead, Defendant Fifth Third Bank asserts that it should be the only defendant.

1

## FACTS AND PROCEDURAL BACKGROUND

Plaintiff First South Bank ("Plaintiff") is chartered in South Carolina with its principal place of business in Spartanburg, South Carolina. Defendant is an Ohio banking corporation following its merger with Fifth Third Bank, N.A., a national banking association. Fifth Third Bank, N.A. was the successor by merger to First Charter Bank.[2] Defendant approached Plaintiff in South Carolina in 2006 to enter into an Agreement wherein Plaintiff and Defendant would jointly finance a construction loan ("Loan") for a multi-phased residential subdivision ("Burton Creek") in Lincoln County, North Carolina. After negotiations, the Agreement was ultimately executed in Spartanburg, South Carolina.

The parties do not dispute that the facts giving rise to this dispute occurred in both South Carolina and North Carolina. Plaintiff alleges that Defendant wrongfully waived the principal payments of the Loan and thereby altered material terms of the Agreement without the consent of Plaintiff. Therefore, Plaintiff filed a complaint against Defendant for breach of contract in the U.S. District Court for the District of South Carolina, Spartanburg Division. Defendant moved to dismiss Plaintiff's action due to improper venue pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure; in the alternative, Defendant requested a transfer of venue to the United States District Court for the Western District of North Carolina, Charlotte Division, pursuant to 28 U.S.C. § 1404(a).

## LAW AND ANALYSIS

A. **Forum-Selection Clause**

Under 28 U.S.C. § 1391 (a), a civil action based only on diversity of citizenship may be brought in: (1) a judicial district where any defendant resides, if all defendants reside in the same

---

[2] For convenience and clarity, the Court will refer to any actions of any of the defendants as named in Plaintiff's Complaint as the actions of Defendant Fifth Third Bank.

State; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought. Subsection (c) of § 1931 provides that a corporation resides in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced.

The parties do not dispute that Plaintiff's chosen venue satisfies both (1) and (3) above. Additionally, Defendant does not contest this Court's subject matter jurisdiction over this dispute and has not challenged the Court's exercise of personal jurisdiction in its Rule 12 motion.[3] However, Defendant argues that venue in the District of South Carolina is inappropriate because the parties' Agreement contains a forum selection clause selecting Charlotte, North Carolina as the appropriate venue. Specifically, Defendant contends that the forum-selection clause is mandatory; and therefore, venue is only appropriate in Charlotte. Plaintiff argues that the clause is merely permissive and that venue is properly found in this district.

In determining whether a forum-selection clause is mandatory or permissive, the Court of Appeals for the Fourth Circuit has explained that "[a] general maxim in interpreting forum-selection clauses is that 'an agreement conferring jurisdiction in one forum will not be interpreted as excluding jurisdiction elsewhere unless it contains specific language of exclusion.'" *IntraComm, Inc. v. Bajaj*, 492 F.3d 285, 290 (4th Cir. 2007) (*quoting John Boutari & Son, Wines & Spirits, S.A. v. Attiki Imp. and Distrib., Inc.*, 22 F.3d 51, 53 (2d Cir. 1994).

Here, the Agreement states in Paragraph 18: "The Lender and the Participant hereby irrevocably submit to the jurisdiction of any federal or state court of competent jurisdiction

---

[3] By not challenging personal jurisdiction in their Rule 12 motion, Defendant has waived this defense. *See* Fed. R. Civ. P. 12(h) (stating that failure to raise lack of personal jurisdiction in a Rule 12 motion is a waiver of this defense).

sitting in Charlotte, North Carolina over any suit, action or proceeding arising out of or relating to this Agreement." Pl.'s Mem., [Doc. 22].

Defendant claims the forum-selection clause is mandatory in nature because the clause immediately following provides that "the contract shall be governed under North Carolina law." Def.'s Mem. [Doc. 18]. Defendant cites *Palmetto Bank v. BankFirst et al.*, C.A. No. 6:08-cv-4072-GRA, 22009 WL 212417, at *2 (D.S.C. January 28, 2009), to support its position. In that case, the parties agreed upon a provision stating, "This Agreement shall be deemed to constitute a contract under and shall be construed and enforceable in accordance with the laws of the State of Minnesota and within the jurisdiction of Minnesota." The court found that this language constituted a mandatory forum selection clause.

In the instant case, there is no word with a similar meaning to "shall" in reference to the selection of forum, only to the choice of law. According to the Agreement, the parties irrevocably submitted to the jurisdiction of any federal or state court in Charlotte, North Carolina, but there is no language in the Agreement indicating the parties were restricted to exclusive jurisdiction in Charlotte only. Under the Agreement, neither party could claim improper venue if the action had been filed in a federal or state court in Charlotte, North Carolina. However, nothing in the Agreement prohibits Plaintiff from filing its claim in this district.

Accordingly, the Court finds the forum-selection clause to be permissive and not mandatory. Finding that the forum-selection clause does not bind either party to the exclusive jurisdiction of Charlotte, North Carolina, the Court will consider Defendant's request to transfer venue.

**B. Transfer Pursuant to 28 U.S.C. § 1404(a)**

Defendant requests that, if the Court declines to dismiss the action, this Court should transfer venue to the Western District of North Carolina, Charlotte Division pursuant to 28 U.S.C. § 1404(a) for the convenience of the parties and witnesses.

Under 28 U.S.C. § 1404 (a), a case may be transferred if it is originally filed in a proper venue, but there exists an additional appropriate venue that would better serve the "interest of justice." A district court must "engage in an 'individualized case-by-case consideration of convenience and fairness[]'" when considering a motion to transfer. *Sw. Equip., Inc. v. Stoner & Co.*, C.A. No. 6:10-1765-HMH, 2010 WL 4484012, at *2 (D.S.C. Nov. 1, 2010) (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988); *Avant v. Travelers Ins. Co.*, 668 F. Supp. 509, 510 (D.S.C. 1987) ("Generally, the test of whether an action should be transferred to another jurisdiction is one of balancing convenience"). While the determination of whether a case should be transferred to an alternative venue lies solely within a district court's discretion, "transfer of venue is inappropriate if the transfer merely shifts the burdens of litigation from one party to the other." *Sw. Equip., Inc.*, 2010 WL 4484012, at *2 (citing *In re Ralston Purina Co.*, 726 F.2d 1002, 1005 (4th Cir. 1984); *DeLay & Daniels, Inc. v. Allen M. Campbell Co.*, 71 F.R.D. 368, 372 (D.S.C. 1976)). The movant has the burden to demonstrate that a transfer of venue is appropriate. *See id.*; *see also Figgie Int'l, Inc. v. Destileria Serralles, Inc.*, 925 F. Supp. 411, 413 (D.S.C. 1996) (quoting *Gerber v. Canfield*, 315 F. Supp. 1175, 1177 (D.S.C. 1970)).

In a recent decision, this Court held that:

> Generally, a plaintiff's choice of forum will not be disturbed lightly; a defendant has a heavy burden when it moves to transfer a venue properly selected by the plaintiff. This burden, however, is relaxed when the plaintiff does not reside in the forum state, … or when the "plaintiff sues in a forum which has no discernible connection with the controversy."

5

*Sw. Equip., Inc.*, 2010 WL 4484012, at *2 (emphasis added) (citations omitted); *Dicken*, 862 F. Supp. at 92-93 (quoting *Mims v. Proctor & Gamble Distrib. Co.*, 257 F. Supp. 648, 657 (D.S.C. 1966)).

Plaintiff selected the District of South Carolina, Spartanburg Division in which to file suit.  As discussed herein, Plaintiff selected a proper venue.  Additionally, Plaintiff's principal place of business is located in Spartanburg, South Carolina and there is a discernible connection between the controversy and Plaintiff's chosen forum.  Therefore, Defendant has a heavy burden here to prove a transfer of venue is necessary.

The Court may also weigh the following factors in determining whether transfer is appropriate: (1) the ease of access to the sources of proof; (2) the convenience of the parties and witnesses; (3) the cost of obtaining the attendance of the witnesses; (4) the availability of compulsory process; (5) the possibility of a view by the jury; (6) the interest in having local controversies decided at home; and (7) the interests of justice.  *Sw. Equip., Inc.*, 2010 WL 4484012, at *4 (citing *Landers v. Dawson Constr. Plant, Ltd.*, Nos. 98-2709, 98-2763, 201 F.3d 436 (Table), 1999 WL 991419, at *2 (4th Cir. Nov. 2, 1999)) (unpublished).

**1.  Ease of Access to the Sources of Proof**

Defendant argues that access to sources of proof is most convenient in North Carolina. Specifically, it contends that its files and records related to the Loan and the Agreement are maintained either in North Carolina or Ohio, and that none of the pertinent evidence or documents are maintained in South Carolina.  Furthermore, Defendant adds that related claims, such as the Collection Action filed by Defendant related to the Loan, are currently pending in North Carolina or have already been litigated there.

However, Plaintiff argues that Defendant has already provided a majority of the documentation and records which Defendant deems relevant to Plaintiff's office in South Carolina. Plaintiff also indicates that if other materials become necessary during discovery, Defendant should be able to produce such materials just as easily in South Carolina as in North Carolina. *Id*.

The Court finds that this factor does not weigh heavily in favor of transferring venue because Plaintiff already has possession of a number of relevant documents in South Carolina. Furthermore, while other evidence may currently be stored in Defendant's North Carolina or Ohio offices, Defendant should be able to produce the relevant materials just as easily in South Carolina as in North Carolina.

### 2. Convenience and Cost of Obtaining the Attendance of Witnesses

Defendant argues that all of its employees who may be potential witnesses because of their communications with Plaintiff regarding the Agreement worked in Defendant's offices in North Carolina, and many still work there and reside in North Carolina. Also, Defendant argues that the purpose of the Loan was to develop a residential subdivision in North Carolina and the Loan was secured by real property located in North Carolina; thus, many of the relevant events related to the Loan involved citizens and businesses of North Carolina.

Plaintiff argues that the convenience of the parties and witnesses should not be a significant factor as the outer most limit of the Spartanburg Division is less than a thirty (30) minute distance from the Charlotte Division. Plaintiff also claims that there are approximately a dozen potential witnesses who either live or work within the Spartanburg Division or in South Carolina. *Id*.

Doubtless, it may be more convenient for Defendant's witnesses to travel to Charlotte rather than Spartanburg.  However, the inconvenience complained of by Defendant would be experienced by Plaintiff's witnesses who reside in the Spartanburg Division if the venue is transferred to the Charlotte Division.  The court considers this concern as "merely shift[ing] the burdens of litigation from one party to the other."  *Sw. Equip., Inc.*, 2010 WL 4484012, at *2 (internal citations omitted).  Regardless, whichever jurisdiction presides, one party's witnesses will have to travel more -- though not a significant distance, and will incur additional travel expenses.

### 3. Convenience of Parties

In addition to examining the convenience of the witnesses, the court also examines the convenience of the parties.  Plaintiff has chosen its resident jurisdiction, and accordingly, its most convenient forum in which to bring suit.  Plaintiff does not maintain an office in North Carolina and may incur further expense in hiring additional counsel in North Carolina if the venue were transferred.  Similarly, Defendant does not have offices in South Carolina.  However, Defendant is currently represented by an attorney licensed to practice in North and South Carolina, including the respective district courts.

In the instant case, the court recognizes that both parties may experience some degree of inconvenience regardless of whether the case remains in South Carolina or is transferred to North Carolina.  However, the Court is also cognizant that the travel involved here would not be substantial in either venue.  Therefore, this factor does not weigh in favor of transfer.

**4. Availability of Compulsory Process and Possibility of a View by a Jury**

The court finds that neither of these factors are significant issues in this case.

**5. Interest in Justice**

"Under § 1404(a), the Court must consider the 'interest of justice' in determining whether to transfer venue. The interest of justice encompasses public interest factors aimed at 'systemic integrity and fairness.'" *Mullins v. Equifax Information Services, LLC, et al.*, No. 3:05CV888, 2006 U.S. Dist. LEXIS 24650, at *26 (E.D. Va. 2006) (*quoting Stewart Org., Inc.*, 487 U.S. 22, 30 (1988)). "Judicial economy and the avoidance of inconsistent judgments are prominent among the principal elements of systemic integrity." *Mullins*, No. 3:05CV888, 2006 U.S. Dist. LEXIS 24650, at *26. "When determining whether a fair proceeding requires a transfer of venue, courts often consider docket congestion, interest in having local controversies decided at home, knowledge of applicable law, unfairness in burdening forum citizens with jury duty, and interest in avoiding unnecessary conflicts of law." *Id.* In the instant case, the court finds most of the considerations of the interest of justice to be neutral. However, two considerations warrant discussion.

First, the court finds that South Carolina has a substantial interest in presiding over the controversy. Although Defendant argues that the Agreement and the Loan arose from events and transactions in North Carolina involving North Carolina residents and North Carolina entities, Plaintiff is a South Carolina bank who was directly solicited by Defendant to invest in the project. Therefore, Plaintiff has a substantial concern in seeking relief in the state in which its business operates and where it was injured. *See McNeil v. Sherman*, C.A. No. 2:09-cv-00979-PMD, 2009 WL 3255240, *8 (D.S.C. Oct. 7, 2009) (finding the District of South Carolina an appropriate venue for a contract dispute between a resident plaintiff and foreign defendant).

Defendant also argues that, because the parties agreed that North Carolina law governs this dispute, a North Carolina court would be best suited to hear this matter. While a North Carolina court may have more experience applying North Carolina law to the claims and defenses asserted in this action, the court is sufficiently capable of applying North Carolina law in presiding over this case. This factor does not tip the balance in the favor of transferring venue.

Accordingly, the court finds that balance of interests do not weigh in favor of transferring the case to the United States District Court for the Western District of North Carolina, Charlotte Division.

## CONCLUSION

For the foregoing reasons, the Court finds that venue is proper in the United States District Court for the District of South Carolina and that transfer is not warranted. Accordingly, the Court **DENIES** Defendant's Motion to Dismiss or Transfer Due to Improper Venue [Doc. 17].

**IT IS SO ORDERED.**

s/ J. Michelle Childs
United States District Judge

August 3, 2011
Greenville, South Carolina