IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| First South Bank, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7:10-2097-MGL |
| | ) | |
| vs. | ) | |
| | ) | **OPINION AND ORDER** |
| Fifth Third Bank, N.A., doing business as | ) | |
| Fifth Third Bank and formerly known as | ) | |
| and successor in interest of First Charter | ) | |
| Bank and First Charter Corporation, First | ) | |
| Charter Bank and First Charter Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

Before this Court are Plaintiff First South Bank ("Plaintiff")'s Bill of Costs (ECF No. 244),

Plaintiff's Motion for Taxation of Expert Witness Costs (ECF No. 245), Defendant Fifth Third doing

business as Fifth Third Bank and formerly known as and successor in interest of First Charter Bank

and First Charter Corporation, First Charter Bank and First Charter Corporation Bank(collectively

"Defendant")'s Renewed Motion for Judgment as a Matter of Law, or Alternatively for a New Trial

(ECF No. 261), Plaintiff's Motion for Reconsideration and to Alter or Amend Judgment Related to

Violation of the Unfair and Deceptive Trade Practices Act Cause of Action (ECF No. 263),

Plaintiff's Motion to Alter or Amend Judgment for Entry of Pre-Judgment Interest and to Amend

the Post-Judgment Interest Rate (ECF No. 264), and Defendant Fifth Third Bank's Motion to Strike

Declarations of Callison and Lyerly. (ECF No. 267.)  For the reasons set forth below, this Court

GRANTS the request set forth of Plaintiff's Bill of Costs (ECF No. 244) and also GRANTS IN

PART and DENIES IN PART Plaintiff's Motion for Taxation of Expert Witness Costs (ECF No.

245.)  Defendant's Renewed Motion for Judgment as Matter of Law, or Alternatively for a New

Trial (ECF No. 261), Plaintiff's Motion for Reconsideration and to Alter or Amend Judgment Related to Violation of the Unfair and Deceptive Trade Practices Act Cause of Action (ECF No. 263), Plaintiff's Motion to Alter or Amend Judgment for Entry of Pre-Judgment Interest and to Amend the Post-Judgment Interest Rate (ECF No. 264), and Defendant's Motion to Strike Declarations of Callison and Lyerly are DENIED. (ECF No. 267.)

## INTRODUCTION

This is an action involving claims of breach of contract, breach of contract accompanied by a fraudulent act, gross negligence, misrepresentation, and fraud for actions arising out of a Participation Agreement entered into between the parties to finance an $11,000,000.00 loan to an investment group ("Loan" or "Burton Creek Loan").  (ECF No. 72.)  Plaintiff's Amended Complaint alleges several errors on the part of Defendant as a part of the closing, servicing, monitoring, and administration of the Loan.  (ECF No. 72.)  This Court granted Plaintiff leave to file a second amended complaint on September 12, 2013 adding a cause of action under the North Carolina Unfair and Deceptive Trade Practices Act. (ECF Nos. 212 & 213.)   The jury trial in this case was held before this Court on September 12, 2013 through September 25, 2013.  The jury returned a verdict in favor of Plaintiff.  Thereafter, the Court entered judgment in favor of Plaintiff in the amount of two million, three hundred sixty-eight thousand, two hundred thirty-two dollars and 46/100 cents ($2,368,232.46) dollars in actual damages and three hundred ninety-six thousand dollars in punitive damages ($396,000.00) for a total verdict in the amount of two million, seven hundred sixty-four thousand, two hundred thirty-two dollars and 46/100 cents ($2,764,232.46) dollars, plus post judgment interest at the rate of .11% along with costs.  (ECF No. 243.)

On October 4, 2013, Plaintiff submitted a Bill of Costs seeking additional statutory costs as

the prevailing party in this matter pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure. (ECF No. 244.)   On October 5, 2013, Plaintiff filed a motion seeking compensation for costs associated with Plaintiff's expert witness fees.  (ECF No. 245.)  Defendant filed a renewed motion for judgment as a matter of law, or alternatively for a new trial on October 28, 2013, challenging the sufficiency of the evidence offered by Plaintiff to support its claims and seeking a new trial due to purported improper and prejudicial arguments made by Plaintiff's counsel during the trial. (ECF No. 261.)   Plaintiff filed a  motion for reconsideration or to alter or amend the judgment related to Plaintiff's claim for violation of the North Carolina Unfair and Deceptive Trade Practices Act on October 28, 2013.  (ECF No. 263.)  On October 28, 2013, Plaintiff also filed a motion to alter or amend the judgment in this case to include an award of pre-judgment interest to Plaintiff as a matter of law and to amend the rate of post-judgment interest. (ECF No. 264.)  Finally, Defendant filed a Motion to Strike the Declarations of Frank Callison and W.C. Lyerly, III filed by Plaintiff in support of its post-trial motions.  (ECF No. 267.)  The Court held a hearing on the above-referenced motions on February 24, 2014.

## DISCUSSION AND ANALYSIS

I.    Plaintiff's Bill of Costs

Plaintiff filed a Bill of Costs (ECF No. 244) asking the Court to tax costs in its favor in the amount of $28,825.15.  The parties reached a stipulation concerning Plaintiff's submission to the Court and agree that Plaintiff is entitled to have this Court tax costs in favor of Plaintiff in the amount of $24,000.00 as part of the final judgment entered in this action.  (ECF No. 258.)   In accordance with that stipulation, which the Court finds reasonable, this Court hereby taxes statutory costs in the amount of $24,000.00 in favor of Plaintiff.

II.    Plaintiff's Motion for Taxation of Costs for Expert Witnesses

Plaintiff filed a Motion for Taxation of Costs for Expert Witnesses pursuant to Rule 54[1] and Rule 26(b)(4)(E) on October 5, 2013 (ECF No. 245) and a Supplemental Response on October 10, 2013 making an amended request for expert costs and fees.  (ECF No. 247.)  Defendant filed an opposition on October 24, 2014 (ECF No. 259) and Plaintiff filed its reply on October 31, 2014. (ECF No. 266.)   Plaintiff seeks to recover the costs of experts James Watson and Thomas Steele for preparing for, traveling to, and attending depositions.  Defendant has opposed the motion by arguing that neither expert ultimately testified at trial and that Plaintiff failed to provide sufficient evidence and justification for the expenses.  Plaintiff maintains that the experts' failure to testify does not preclude the recovery of costs.

Under Rule 26(b)(4)(E), unless manifest injustice would result, the Court must require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A). Rule 26(b)(4)(A) permits a party to "depose any person who has been identified as an expert whose opinions may be presented at trial." Fed.R.Civ.P. 26(b)(4)(A); *see also Goldberg v. 401 N. Wabash Venture LLC*, No. 09 C 6455, 2013 WL 4506071, *6 (N.D. Ill. Aug. 23, 2013)("[T]he basic proposition under Rule 26(b)(4)(e) is relatively straightforward-a party that takes advantage of the opportunity afforded by Rule 26(b) [ ] to prepare a more forceful cross-examination should pay the expert's charges for submitting to this examination." (internal citation and quotations omitted)).   Courts have generally found that "manifest injustice" occurs only where the deposing party is indigent or if requiring the party to pay a deposition fee would create an undue hardship. *Harris v. San Jose Mercury News, Inc.*, 235 F.R.D. 471, 473 (N.D. Cal. 2006).

_____

[1]Federal Rule of civil Procedure 54(d)(1) allows costs to be paid to the prevailing party.

The goal of Rule 26(b)(4)(E) is to "calibrate expert fees" so that the party seeking discovery will not be hampered by unreasonably high fees which prevent feasible discovery and unduly burden efforts to hire quality experts. *Fleming v. United States*, 205 F.R.D. 188, 189 (W.D.Va. 2000). The party seeking reimbursement bears the burden of showing the requested fees and expenses are reasonable. *See Packer v. SN Servicing Corp*., 243 F.R.D. 39, 42 (D. Conn. 2007). Ultimately, it is in the Court's discretion to set an amount for payment that it deems reasonable. *Fleming v. United States*, 205 F.R.D. 188, 189 (W.D.Va. 2000).

Plaintiff seeks the amount of $9,345.38 for the deposition of Mr. Watson (ECF No. 247) and $5,337.50 for the deposition of Mr. Steele (ECF No. 245) to compensate for deposition time, preparation time, and travel time and expenses. Defendant argues that compelling payment in this case would result in manifest injustice because the opinions asserted by the experts were improper and inadmissible, and the reports submitted deficient. (ECF No. 259 at 5.) At trial, the Court excluded the testimony of Mr. Steele and expressed concerns about Mr. Watson's testimony. Ultimately, Mr. Watson was not called as a trial witness and thus, neither expert offered any testimony at trial concerning their opinions. Defendant relies on a case from the Eastern District of Texas, *Rogers v. Fenland*, 232 F.R.D. 581 (E.D.Tex., 2005), in support of its position. In *Rogers*, the defendant retained four experts, all of whom the plaintiffs deposed. But at trial, the defendant did not call any of the experts to testify or introduce any of their deposition testimony. *Rogers v. Fenland*, 232 F.R.D. 581, 582 (E.D.Tex., 2005). Additionally, one of the experts was precluded from testifying at trial because his testimony was deemed unreliable. *Id.* at 583. The *Rogers* court allowed for fee awards for time clearly spent in preparation for depositions, travel to depositions, and in depositions, even for experts not called at trial. However, the court concluded

that to "require a party to pay for the costs of a witness who was not even called, and against whom the court had sustained a *Daubert* challenge is manifestly unjust." *Id*. at 583.    Defendant's argument and reliance on *Rogers* fails to establish manifest injustice in this case.    Even *Rogers*—distinguishable in significant part and ultimately not binding on this Court—permitted the recovery of some reasonable fee amounts related to deposition preparation, travel, and deposition testimony.    Defendant has not shown that compelling payment for experts would result in manifest injustice just because Mr. Steele and Mr. Watson did not testify at trial.    Simply put, Rule 26(b)(4)(E) pertains to experts "whose opinions *may* be presented at trial." Fed.R.Civ.P. 26(b)(4)(A) (emphasis added).    There is no language in the Rule that specifically limits compensation to experts whose opinions were ultimately presented at trial.    Thus, Defendant is not automatically excused from reimbursing Plaintiff for the expert fees on this ground.    *See Brown v. Butler*, 30 F. App'x 870, 876 (10th Cir.2002) (recognizing that the choice not to call an expert witness at trial does not preclude an award of expert discovery costs); *Cunningham Charter Corp. v. Learjet, Inc.,* No. 07-cv-00233, 2011 WL 1549214  (S.D. Ill. Apr. 22, 2011) (reasoning that experts costs would be granted even though the expert's testimony was excluded.); *Ndubizu v. Drexel University,* No. 07-3068, 2011 WL 6046816, at *5 (E.D. Pa. Nov. 16, 2011)(requiring payment for deposition of experts who did not testify at trial or testify in accordance with their reports based on a plain reading of the Rules). As there is no manifest injustice in compelling reimbursement, the Court must determine a reasonable amount for reimbursement.

In determining whether an expert fee is "reasonable," courts are guided by the following factors: "(1) the witness's area of expertise, (2) the education and training that is required to provide the expert insight that is sought, (3) the prevailing rates for other comparably respected available

experts, (4) the nature, quality and complexity of the discovery responses provided, (5) the cost of living in the particular geographic area, (6) the fee being charged by the expert to the party who retained him, (7) fees traditionally charged by the expert on related matters, and (8) any other factor likely to be of assistance to the court in balancing the interests implicated by Rule 26." *Adams v. Memorial Sloan Kettering Cancer Center*, 2002 WL 1401979, at *1 (S.D.N.Y. June 28, 2002) (internal quotations and citation omitted).  Courts have exercised their discretion to impose reasonable fees for expert witnesses for a number of types of expenses.   The most common expenses that are compensable are for time of the deposition (*See e.g., Fisher v. Accor Hotels, Inc.*, No. 02-cv-8576, 2004 WL 73727, *1 (E.D. Pa. Jan 12, 2004)), for preparation time for the deposition (*See e.g.*, *Fleming v. United States*, 205 F.R.D. 188, 190 (W.D.Va. 2000)), and for reasonable and substantially documented travel expenses (*See e.g., LG Electronics U.S.A., Inc. v. Whirlpool Corp.*, No. 08-c-0242, 2011 WL 5008425 at *5 (N.D. Ill. Oct. 20, 2011)).  A majority of district courts nationwide find that deposition time is compensable, and reasonable levels of preparation time and travel expenditures are also generally compensable. *See* 8A Wright & Miller Fed. Prac. & Proc. Civ. § 2034 (3d ed.). Based on a review of these factors and considerations, the Court concludes that a limited award is appropriate.

Plaintiff is seeking Mr. Watson's standard rate of $300.00/ hr. for his deposition testimony and a reduced rate of $200.00/hr. for  preparation and travel time from his home in Myrtle Beach to the deposition location in Columbia, South Carolina.  Plaintiff reports that Mr. Watson spent a total of 21 hours preparing for the deposition, 14 hours for travel (but seeking reimbursement for seven hours for travel), and approximately 11.25  hours in the deposition. Plaintiff has included an itemization of Mr. Watson's fees as well as an amended update outlining travel costs and expenses

to substantiate the $9,345.38 requested. (ECF Nos. 245-1 & ECF 247-2.)

Having reviewed the limited case law in this area, this Court finds that the reasonable time spent by an expert in preparation for his deposition by opposing counsel is part of a reasonable fee award under Rule 26(b)(4). *See Hose v. Chicago & North W. Trans. Co.*, 154 F.R.D. 222, 228 (S.D.Iowa 1994); *Advanced TeleMedia, L.L.C. v. Charter Communications, Inc.*, No. CIVA105CV2662-RLV, 2006 WL 3422669, at *14 (N.D. Ga. Nov. 27, 2006)("T]he plain language of the rule requires compensation for preparation time as well as time spent testifying at a deposition because all of it is time spent responding."). In his supporting time records, Mr. Watson states generally, without more, that he "reviewed discovery documents in preparation for deposition." (ECF No. 247-2 at 1.) Considering the complexity of the issues in this case, the Court concludes that a reasonable hourly fee for preparing for the depositions to be $1,900.00 for 9.5 hours of preparation time at a rate of $200.00/hr.,[2] and $3,375.00 for 11.25 hours of deposition time at a rate of $300.00/hr. The Court declines to require Defendant to make an additional payment for Mr. Watson's travel to Columbia associated with the first deposition. Plaintiff's counsel has a Myrtle Beach location which would have certainly been more convenient for Mr. Watson and would have avoided the need for him to incur the travel expenses now in question. The parties have demonstrated that they were capable of working out an appropriate location for the deposition that could have taken place without additional travel expenses. (ECF No. 247-1.) Thus, the Court finds $5,275.00 to be a reasonable expert fee award.

Plaintiff also seeks to recover $5,337.50 in fees associated with the deposition of Mr.

---

[2] In calculating this figure, the Court has also deducted fees associated with a conference for deposition preparation as such amounts are not generally compensable. *Ndubizu v. Drexel Univ.*, No. 07-3068, 2011 WL 6046816, at *3 (E.D. Pa. Nov. 16, 2011).

Thomas Steele.  Mr. Steele was deposed in his hometown and spent 15.25 hours at a flat rate of $350.00 per hour preparing and attending his deposition according to an invoice submitted in support of the request. Fifth Third challenges the sufficiency of the supporting documentation and the reasonableness of the fees incurred.   The Court agrees that Mr. Steele's request lacks sufficient substantiation.  Because of significant block billing associated with the time entries, the Court is not able to ascertain the amount of time spent in conference with counsel in preparation for the deposition, nor even deduce the amount of time the expert appeared at the deposition.  (ECF No. 245-2 at 2.)  Plaintiff does little to address these significant deficiencies other than to suggest that if Defendant truly needed additional information concerning the invoices it should have made already made such a request. (ECF No. 266 at 6.)  But at this juncture, it is the Court that requires the additional information and it is the burden of the Plaintiff to provide.  In light of the limited information submitted for the Court's review, the Court concludes that $2,668.75, or half of the requested amount, should be awarded for Mr. Steele's deposition.   Thus, the Court GRANTS IN PART and DENIES IN PART Plaintiff's Motion for Taxation of Expert Witness Costs (ECF No. 245.)

III.    Defendant's Renewed Motion for Judgment as a Matter of Law, or Alternatively For a New Trial

Defendant made an oral motion for judgment as a matter of law at the close of Plaintiff's case-in-chief and renewed the motion at the close of its own case.   Defendant filed a renewed motion for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(b), or alternatively for a new trial pursuant to Federal Rule of Civil Procedure 59(a), following the entry of judgment in this matter on October 28, 2013.  (ECF No. 261.) Defendant specifically argues that it is entitled to a new trial because of improper and prejudicial arguments made by Plaintiff's

counsel during the opening and closing statements made to the jury.  (ECF No. 261-1 at 2.)

Rule 50(b) of the Federal Rules of Civil Procedure allows a court to consider a renewed motion for judgment as a matter of law after the entry of judgment. Fed.R.Civ.P. 50(b). "In ruling on the renewed motion, a court may: (1) allow judgment on the verdict, if the jury returned a verdict; (2) order a new trial; or (3) direct the entry of judgment as a matter of law." *Id.*  Under Rule 50(b), "the question is whether a jury, viewing the evidence in the light most favorable to [the non-moving party] could have properly reached the conclusion reached by [the] jury."  *Bryant v. Aiken Reg'l Med. Centers, Inc.*, 333 F.3d 536, 543 (4th Cir. 2003) (internal quotations and citation omitted). In other words, a court may grant a motion made under Rule 50(b) only "if there is no legally sufficient evidentiary basis for a reasonable jury to find for the [non-moving] party." *Cline v. Wal–Mart Stores*, 144 F.3d 294, 301 (4th Cir.1998) (internal quotations and citation omitted). "[T]he evidence and all reasonable inferences from it are assessed in the light most favorable to the non-moving party, and the credibility of all evidence favoring the non-moving party is assumed." *Crinkley v. Holiday Inns, Inc.*, 844 F.2d 156, 160 (4th Cir. 1988) (internal citation omitted); *Cline*, 144 F.3d at 301 ("In making this determination, we are not permitted to retry factual findings or credibility determinations reached by the jury.").  "If reasonable minds could differ about the result in this case, [a court] must affirm the jury's verdict." *Bryant*, 333 F.3d at 543.

The jury returned a verdict in favor of Plaintiff on the breach of contract and fraud claims and in favor of Defendant as to Plaintiff's tortuous breach of contract claim.  (ECF No. 240.) Defendant's motion challenges the sufficiency of the evidence offered by Plaintiff to support the breach of contract and fraud claims and ultimately, to support the jury's verdict.  Defendant argues that proof of a simple breach of contract does not entitle Plaintiff to the "recissionary damages" it

elected at trial because the terms of the Participation Agreement set forth a heightened breach of contract standard. (ECF No. 261-1 at 5.) Defendant maintains that Plaintiff's breach of contract claim fails because Plaintiff failed to prove that a material breach caused the contract to fail of its essential purpose (so as to justify rescission) and also failed to offer any proof that it timely rescinded the contract. (ECF No. 261-1 at 7.) Defendant notes that at trial, Plaintiff made a belated but purposeful decision to seek only "recessionary damages" intended to get its money back as if the Participation Agreement had never been executed. (ECF No. 261-1 at 8-9.) Defendant posits that up until trial, Plaintiff's conduct worked to reaffirm the contract instead of rescinding and at trial, offered no evidence that it ever attempted to cancel the contract. (ECF No. 261-1 at 9-10.) Given this election and the lack of evidence of a material breach, Defendant argues that the jury's verdict is unsupported by the record. Defendant argues that Plaintiff was only entitled to get its money back and be restored to its pre-contractual position if Plaintiff proved that the breach of the Participation Agreement was material and defeated the purpose of the contract and/or Defendant fraudulently induced Plaintiff to enter into the Participation Agreement.

The parties obviously disagree as to whether the alleged conduct presented to the jury rose to the level of a breach under the Participation Agreement and whether any action or inaction on the part of Plaintiff constituted waiver of its legal rights. The parties also disagree as to whether Defendant's conduct was the proximate cause of Plaintiff's injuries. Defendant also contends that Plaintiff's fraud theory fails because Plaintiff failed to establish reliance and that any false misrepresentation or concealment of a material fact actually *induced* Plaintiff to enter into the Participation Agreement. (ECF No. 261-1 at 17-19.) In its Motion, Defendant presents excerpts of trial testimony which might indicate (to some) that an economic downturn was a significant reason

-11-

for the failure of the Burton Creek development. (ECF No. 261-1 at 13-16.)  Defendant also sets

forth testimony suggesting there was no proof that it knew about problem issues prior to the closing

and that Plaintiff never relied on certain representations by Defendant in funding the loan.  (ECF No.

261-1 at 18-20.)  In short, the parties disagree on what each bank should have done and when.

After reviewing the record in this case, the Court concludes that there is a legally sufficient

evidentiary basis for the jury's findings in Plaintiff's favor.  In considering Defendant's motion, the

Court is not permitted to retry factual findings or credibility determinations reached by the jury.  *See*

*Cline*, 144 F.3d at 301; *Konkel v. Bob Evans Farms, Inc*., 165 F.3d 275, 279 (4th Cir. 1999).

Similarly, if reasonable minds can differ about the result of the case given the evidence of the record,

the jury verdict must stand. *Bryant v. Aiken Regional Medical Centers, Inc.*, 333 F.3d 536, 543 (4th

Cir. 2003). The Court must view all of the evidence in the light most favorable to the prevailing

party and draw all reasonable inferences in its favor.  *See Konkel*, 165 F.3d at 279.  Here, the jury

considered the evidence submitted by both parties in support of their respective positions and

concluded that Defendant committed fraud and breached the Participation Agreement it entered with

First South.   The questions contemplated by the jury were "close call" issues and certainly a

different jury could consider the same evidence and reach an entirely different result.   But at this

point in the proceedings, the question is not whether this Court agrees with the jury's verdict, but

whether there is evidence to support the jury's verdict.  The court finds sufficient evidence, albeit

not overwhelming, to support the jury's conclusions.  The jury's verdict must stand.

The Court has also considered Defendant's alternative claim it is entitled to a new trial

because of improper and prejudicial arguments by counsel for Plaintiff during the opening and the

closing arguments to the jury.  (ECF No. 261-1 at 20.)  Unlike the procedure under Rule 50(b), a

-12-

district court is permitted to weigh the evidence when considering a motion for a new trial under Rule 59(a). *Cline*, 144 F.3d at 301; *Knussman v. Maryland*, 272 F.3d 625, 647 (4th Cir. 2001). Under Rule 59(a), the trial court should set aside the verdict and order a new trial only if "(1) the verdict is against the clear weight of the evidence, or (2) is based upon evidence which is false, or (3) will result in a miscarriage of justice even though there may be substantial evidence which would prevent the direction of a verdict." *Atlas Food Sys. & Servs. Inc. v. Crane Nat'l Vendors, Inc.*, 99 F.3d 587, 594 (4th Cir. 1996). In considering this motion, the court views the evidence in the light most favorable to the prevailing party. *Perrin v. O'Leary*, 36 F. Supp.2d 265, 266 (D.S.C.1998). "Such a motion should be denied, unless there were substantial errors in evidentiary rulings or jury charges, or unless 'the evidence, together with all inferences that can reasonably be drawn therefrom, is so one-sided that reasonable people could not disagree on the verdict.'" *Id.* (quoting *Bennett Enters., Inc. v. Domino's Pizza, Inc.*, 45 F.3d 493, 497 (D.C. Cir. 1995)). A district court's denial of a motion for a new trial "rests with the sound discretion of the trial judge and will not be reversed absent an abuse of discretion." *Stamathis v. Flying J, Inc.*, 389 F.3d 429, 436 (4th Cir. 2004).

Granting a new trial based on statements of either party's counsel requires the court to undertake a "totality of the circumstances" review. *Wiley v. CSX Transp., Inc.*, 944 F.2d 903 (4th Cir. 1991). The Court must take into account the nature of the comments, their frequency, their possible relevancy to the real issues before the jury, the manner in which the parties and the court treated the comments, the strength of the case, and ultimately the verdict itself. *Id.* The court has considerable discretion in determining whether the conduct by counsel is so prejudicial as to require a new trial. *Id.* Here, counsel's brief comments were unwarranted but were most assuredly

-13-

overshadowed by more significant issues given the lengthy nature of this case.  In view of the totality of the circumstances, the comments do not warrant a new trial.  Defendant has not expressly made the argument, but to the extent Defendant moves for a new trial pursuant to Rule 59(a) on the grounds that the verdict was against the clear weight of the evidence, was based on false evidence, or would result in a miscarriage of justice, this request is also denied.

In sum, the Court identifies no error, basis, or other circumstance which would warrant overturning the jury's verdict and granting a new trial, much less a basis for entering judgment as a matter of law.  Defendant's  Renewed Motion for Judgment as a Matter of Law, or Alternatively for a New Trial (ECF No. 261) is hereby DENIED.

IV.     Plaintiff's Motion to Alter Judgment and Motion for Reconsideration on Plaintiff's Unfair Trade Practices Claim

Plaintiff filed a Motion for Reconsideration and to Alter or Amend the Judgment Related to Violation of the Unfair and Deceptive Trade Practices Act Cause of Action pursuant to Rules 50, 52, and 59 of the Federal Rules of Civil Procedure.  (ECF No. 263.)     This motion stems from Plaintiff's September 13, 2013 amended complaint adding a cause of action under the North Carolina Unfair and Deceptive Trade Practices Act ("NCUDTPA").   On September 30, 2013, the Court found in favor of Defendant as to Plaintiff's NCUDTPA claim. (ECF No. 242.)

Plaintiff asserts that this Court erred in concluding that Plaintiff's NCUDTPA claim fails.  Plaintiff argues that the jury's finding of fraud was sufficient for a finding of a violation of the NCUDPTA as a matter of law.  Plaintiff also contends that it never waived its claim for actual damages— instead Plaintiff claims that  it stipulated to its measure of actual damages and that it might have been a misnomer to refer to the relief as recessionary damages.  (ECF No. 263 at 19.)  Plaintiff also takes issue with the Court's conclusion that Plaintiff's claim would also fail under

South Carolina law and argues that the evidence also established a violation of the South Carolina

Unfair Trade Practices Act.    Plaintiff asserts that North Carolina law should apply to this claim

based on the conduct of the parties prior to the addition of the NCUDPTA claim, the parties'

positions at trial concerning the governing law, and various doctrines of consent, estoppel, and

waiver.    Plaintiff argues that the rules of *lex loci delicti* would mandate the application of North

Carolina law.  (ECF No. 263 at 7-11.)   Plaintiff also contends that North Carolina law should apply

because the tort claims in this case are connected to the interpretation and construction of the

Participation Agreement.  (ECF No. 263 at 11-12.)  The Court has carefully considered the parties'

arguments in light of the entire record in this case but finds no reason to alter or amend the judgment

entered as to Plaintiff's NCUDPTA claim.[3]    The Court stands behind its previous order,

interpretation of the relevant legal questions, and rulings denying the claim and finding that failed

to prove a deceptive trade practices claim under either North Carolina or South Carolina law.

The trial transcript speaks for itself.  In this case, perhaps for strategic and other reasons,

Plaintiff stipulated that it was seeking "recissionary damages only."  Plaintiff's stated intent was to

get its money back and be restored to the position it was in prior to signing the contract and nothing

more.  But these post-trial motions strongly suggest a change in Plaintiff's position----now Plaintiff

wants to be put in a *better* position than it was before the contract was entered.  The parties, the jury,

and  this Court, however, relied on Plaintiff's stipulation.    And Plaintiff is stuck with that

stipulation—even if it was ineloquently worded.   Plaintiff specifically asked the jury to restore it

---

[3]The Court would have been well within its bounds of discretion to entirely disallow
Plaintiff's NCUDPTA claim as untimely, particularly where Plaintiff obviously knew of facts
which would constitute a basis for an amendment at a point long before the start of the trial but
failed to assert the claim. *See Deasy v. Hill*, 833 F.2d 38, 42 (4th Cir.1987).

to the position it had been in before the alleged breach of contract and that is what the jury did.

Further, *Winant v. Bostic*, 5 F.3d 767 (4th Cir. 1993) clearly forecloses Plaintiff's ultimate end-goal

as it relates to the NCUDPTA claim. In *Winant*, the Fourth Circuit concluded that because the

monetary amount awarded by the jury was in the order of a "rescission remedy," which "restored

all the monies paid by the plaintiffs, and was not damages, it was not subject to trebling under N.C.

Gen. Stat. § 75-16." *Id.* at 777.   Here, Plaintiff now seeks treble damages, an act which is entirely

contrary to the choice Plaintiff made at trial and would create a significantly unjust windfall and

double recovery to Plaintiff.  *See Volumetrics Medical Imaging, Inc. v. ATL Ultrasound, Inc.*, No.

1:01CV182, 2003WL 21650004, at *3 (M.D.N.C. July 10, 2003) (citing *Borders v. Newton*, 315

S.E.2d 731, 732 (N.C. 1984));*River Birch Ass'n v. City of Raleigh*, 388 S.E.2d 538, 556 (N.C. 1990).

In this instance, the Court finds no legal mandate requiring it to find a violation of the NCUDPTA

and to automatically treble any resulting award.  Plaintiff's motion is DENIED

V.      Plaintiff's Motion to Amend Judgment Regarding Pre-Judgment and Post-Judgment Interest

        Plaintiff also filed a motion to amend the judgment seeking an award of pre-judgment

interest as a matter of law  and to amend the rate of the post-judgment interest.  (ECF No. 264.)

Specifically, Plaintiff moves for a calculation of pre-judgment interest for breach of contract based

on North Carolina law.  (ECF No. 264 at 2.)  Plaintiff acknowledges the stipulation it made at trial

as to "damages" and "interest," but in hindsight has taken the position that its stipulation did not

include any prejudgment interest that would accrue in the event of a default under the Participation

Agreement.  (ECF No.264 at 6.)  Thus, Plaintiff is now seeking an additional $594,848.08 for 1,147

days of prejudgment interest on the non-punitive damages found by the jury, and calculated at the

North Carolina rate of 8%, or based on common law principles or South Carolina law in the

alternative. (ECF No. 264 at 11.) Plaintiff also moves the Court to set the rate of post-judgment interest at 8% on the grounds that the Participation Agreement requires North Carolina law to govern. (ECF No. 264 at 11.) Defendant counters by arguing that Plaintiff's stipulation constituted a waiver of any right it had to prejudgment interest. (ECF No. 268 at 3-4.)

This Court agrees—Plaintiff has already been awarded its interest in its stipulated amounts. Awarding prejudgment interest "serves the legitimate goals of making a party whole, or compensating the injured party for the loss of the use of money he would otherwise have had." *Marlen C. Robb & Son Boatyard & Marina, Inc., v. Vessel Bristol*, 893 F.Supp. 526, 540 (E.D.N.C.1994). Courts have held that a district court should apply state law when determining the rate of prejudgment interest in a case where diversity is the basis for subject matter jurisdiction. *U.S. v. Dollar Rent A Car Sys., Inc.*, 712 F.2d 938, 940–941 (4th Cir.1983). Plaintiff seeks prejudgment interest calculated at North Carolina's statutory interest rate of 8% per year. N.C. Gen Stat. § 24–1. But North Carolina's principles of equity also "dictate[ ] that a party should not be forced to pay interest on interest." *NCNB Nat. Bank of North Carolina v. Robinson*, 80 N.C. App. 154, 157, 341 S.E.2d 362 (N.C. Ct. App. 1986). Further, "prejudgment interest is appropriate not as a penalty, but as a means of affording a plaintiff...complete relief." *Cotter v. E. Conference of Teamsters Retirement Plan*, 898 F.2d 424, 429 (4th Cir.1990).

At trial, Plaintiff made certain stipulations concerning its theory of recovery. In its efforts to be returned to its pre-contractual financial status, Plaintiff stipulated to a single "interest" figure. It was not until post-trial (by way of the affidavit of Mr. W.C. Lyerly, III) that Plaintiff suggests its intent there was to make a stipulation as to the interest "owed by the borrowers on the underlying loan" only. Plaintiff seeks to use the affidavit to clear up some areas in its testimony, particularly

-17-

as it relates to its stipulation on interest, but the fact remains that Plaintiff has already been made whole by the jury's verdict.   In essence, Plaintiff's request for interest owed by the borrowers on the underlying loan is a post-trial effort to obtain monies it may have been entitled to if it had affirmed the contract.  Plaintiff, however, elected to be put back in the position it had been in if the contract had not been entered and this choice is inconsistent with the relief Plaintiff now seeks.  In this instance, an award of pre-judgment interest, on top of the interest already awarded to Plaintiff, would make Plaintiff better than whole, or in other words, create a windfall.  Accordingly, this Court DENIES Plaintiff's Motion to Alter the Judgment to add prejudgment interest.

Further, the Court also denies Plaintiff's motion seeking to amend the post-judgment interest rate.  The Supreme Court has stated that "the purpose of post judgment interest is to compensate the successful plaintiff for being deprived of compensation for the loss from the time between the ascertainment of the damage and the payment by the defendant." *Kaiser Aluminum & Chem. Corp. v. Bonjorno*, 494 U.S. 827, 835-836 (1990)(internal quotations and citation omitted).   Plaintiff would have this Court amend to apply either the South Carolina or North Carolina statutory rates for post-judgment interest but federal law, rather than state law, governs the calculation of post-judgment interest.  *See Forest Sales Corp. v. Bedingfield*, 881 F.2d 111, 113 (4th Cir.1989).  Federal law clearly establishes that the award of post-judgment interest rate is set at the federal statutory rate of 0.11% in diversity cases.  *See* 28 U.S.C.A. § 1961(a); *Hitachi Credit America Corp. v. Signet Bank*, 166 F.3d 614, 633 (4th Cir. 1998).  Accordingly, this Court rejects Plaintiff's request to amend the post-judgment interest rate.   Plaintiff's motion is hereby DENIED.

VI.     Defendant's Motion to Strike Declarations of Callison and Lyerly

Finally, Defendant moves to strike the declarations of Frank Callison and W.C. Lyerly, III,

filed by Plaintiff in support of its post-trial motions. (ECF No. 267.) Defendant characterizes these affidavits as an improper attempt to correct and supplement Mr. Callison and Mr. Lyerly's trial testimony through hearsay and self-serving statements that are inconsistent with the trial record. Plaintiff responds that the declarations submitted address maters that would aid the Court in addressing post-trial matters, clarify issues addressed at trial, and "connect the dots between volumes of testimony." (ECF No. 277 at 5.) Alternatively, Plaintiff asks this Court to take additional testimony to decide Plaintiff's Post-Trial motions and to evaluate Plaintiff's claims.

Defendant seeks to exclude the affidavits from the Court's consideration. Having reviewed the affidavits in light of the entire record, the Court finds it unnecessary to rely on them because the affidavits do not affect the Court's conclusions on the pending motions. Although the submission of post-trial affidavits is proper in some circumstances, the affidavits here do not assist the Court in resolving Plaintiff's request for pre-judgment and post-judgment interest—matters this Court has already decided. To the extent Plaintiff is using the affidavits to supplement the record on other post-trial issues, these efforts would be improper. It would be unfair for the Court to give undue credit to the more recently articulated testimony regarding Plaintiff's claims. The trial testimony and evidence speaks for itself and the respective parties had the opportunity—over several weeks—to develop that testimony and evidence. Thus, under the circumstances presented, the Court DENIES Defendant's Motion to Strike as MOOT.

## CONCLUSION

For the reasons set forth above, this Court GRANTS the request set forth of Plaintiff's Bill of Costs (ECF No. 244) and hereby taxes statutory costs in the amount of $24,000.00 in favor of Plaintiff in accordance with the parties' stipulation. The Court GRANTS IN PART and DENIES

IN PART Plaintiff's Motion for Taxation of Expert Witness Costs (ECF No. 245) and hereby taxes

costs in the amount of $7,943.75 in favor of Plaintiff as more fully set forth above.  The Court

DENIES Defendant's Renewed Motion for Judgment as Matter of Law, or Alternatively for a New

Trial (ECF No. 261), Plaintiff's Motion for Reconsideration and to Alter or Amend Judgment

Related to Violation of the Unfair and Deceptive Trade Practices Act Cause of Action (ECF No.

263), Plaintiff's Motion to  Alter or Amend Judgment for Entry of Pre-Judgment Interest and to

Amend the Post-Judgment Interest Rate (ECF No. 264), and Defendant's Motion to Strike

Declarations of Callison and Lyerly. (ECF No. 267.)

     IT IS SO ORDERED.

s/ Mary G. Lewis\
United States District Judge

Spartanburg, South Carolina\
August 6, 2014